Edward McCutchan (SBN 119376)
**SUNDERLAND | McCUTCHAN, LLP**
412 Aviation Boulevard, Suite D
Santa Rosa, California 95403
Telephone: (707) 284-5524
Facsimile: (707) 284-5527

Attorneys for Plaintiff and Judgment Creditor
DONALD THORN

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No.: 13-10923-AJ-7 |
| Javier Agusto and Heidi Erica Alvarez | A.P. No.: 13-01103 |
| _____Debtors./ | **PLAINTIFF DONALD THORN'S** |
| | **MEMORANDUM OF POINTS AND** |
| Donald Thorn | **AUTHORITIES IN SUPPORT OF HIS** |
| | **SUMMARY JUDGMENT MOTION** |
| Plaintiff, | |
| | **Date: April 4, 2014** |
| v. | **Time: 9:00 a.m.** |
| | **Place: 99 South E Street** |
| Javier Agusto and Heidi Erica Alvarez | **Santa Rosa, California** |
| _____Defendants./ | **A.P. Filed: August 6, 2013** |
| | **Trial Date: September 17, 2014** |
| | **Judge: Alan Jaroslovsky** |

## I.
## UNDERLYING STATE COURT JUDGMENT IN SONOMA COUNTY SUPERIOR COURT CASE NUMBER SCV-246852 WHICH IS THE BASIS OF THIS ADVERSARY COMPLAINT

This action arises from the proposed sale of a business, Double Eagle Process Service by

plaintiff, Donald Thorn to third party independent contractors, defendants Javier Agusto Alvarez

and Heidi Alvarez. On February 19, 2010, plaintiff filed a Complaint against defendants, Javier

Agusto Alvarez, Heidi Alvarez and Does 1 through 10 in Sonoma County Superior Court case number SCV-246852 alleging the following causes of action:

1. Breach of Contract (first cause of action);

2. <u>Conversion/Interference with Chattels</u> (second cause of action – an intentional tort);

3. Negligence (third cause of action);

4. Common Counts (fourth cause of action); and

5. Injunctive Relief (fifth cause of action).

The trial court in the Sonoma County Superior Court action entered judgment for damages on June 8, 2012 totaling $36,829.98 against Javier Agusto Alvarez and Heidi Erica Alvarez, jointly and severally, in favor of Donald Thorn as to <u>all five causes of action</u> (see Exhibit "1" to the accompanying declaration of Edward McCutchan).

Plaintiff Donald Thorn then filed a motion for an award of attorney's fees pursuant to the provisions of California Civil Code § 3426 et seq. (California Civil Code § 3426.4) under the California Uniform Trade Secrets Act on July 9, 2012 in this Sonoma County Superior Court action. The motion was granted by the court on October 8, 2012 and plaintiff Thorn was awarded attorney's fees in the amount of $30,000 against Javier Agusto Alvarez and Heidi Erica Alvarez under California Civil Code § 3426.4. An amended judgment was entered against Javier Agusto Alvarez and Heidi Erica Alvarez, jointly and severally, on October 10, 2012 in the amount of $69,442.94. The Sonoma County Superior Court specifically held that the Alvarez defendants "<u>intentionally and purposefully took</u> plaintiff Donald Thorn's client list and awarded attorney's fees against the defendants/debtors under California's Uniform Trade Secrets Act, Civil Code § 3426 et seq." (See Exhibit "2" to the accompanying declaration of Edward McCutchan)

## II.
## PLAINTIFF'S ADVERSARY COMPLAINT

On August 5, 2013, plaintiff Donald Thorn timely filed his adversary complaint against defendants and debtors Javier Agusto Alvarez and Heidi Erica Alvarez in case number 13-10923-AJ-7 after the Alvarez defendants filed for bankruptcy protection seeking that this court hold his $69,442.94 judgment against them was not dischargeable under 11 U.S.C. § 523 (a)(6) where the trial court held defendants' conduct intentional and purposeful awarding plaintiff $30,000 in attorney's fees under Civil Code 3426.4.

The issue before this court is whether or not the judgment and amended judgment in Sonoma County Superior court case number SCV-246852 have issue preclusion effect in this adversary action to make the underlying judgment non-dischargeable under 11 U.S.C. § 523(a)(6).

## III.
## DEFENDANTS' DEFENSES

On or about August 28, 2013, defendants Javier August Alvarez and Heidi Erica Alvarez answered the adversary complaint asserting fourteen (14) affirmative defenses, as follows:

1.      That plaintiff's complaint and causes of action fail to state facts sufficient to constitute a cause of action and/or grounds for the finding of non-dischargeability under 11 U.S.C. § 523(a)(6) so as to bar recovery.

2.      That plaintiff was careless, reckless and negligent in and about the matters and things alleged in the complaint which caused or contributed to plaintiff's damages so as to bar or reduce recovery herein.  (Irrelevant to this adversary complaint)

3.      That plaintiff failed to mitigate damages so as to bar or reduce recovery herein. (Irrelevant to this adversary complaint)

4. That the Court may be called upon to apportion fault basis and the defendants may seek contribution and/or indemnity from such other persons as may have been contributive to the matters. (Irrelevant to this adversary complaint)

5. That with reference to the matters set forth in the Complaint, the hands of the plaintiff itself are unclean so as to bar or reduce recovery herein. (Irrelevant to this adversary complaint)

6. That plaintiff's damages were proximately caused by the acts or omissions of plaintiff and defendants cannot be held liable. (Irrelevant to this adversary complaint)

7. Defendants allege that the breach of duty and damages as alleged in the complaint were waived, released and ratified. (Irrelevant to this adversary complaint)

8. Defendants allege that any and all damages incurred by plaintiff were caused by the negligence of a third party or third parties. (Irrelevant to this adversary complaint)

9. Defendants allege that the complaint is barred by the Doctrine of Laches. (Irrelevant to this adversary complaint)

10. Defendants allege that the complaint is barred by the Statute of Frauds. (Irrelevant to this adversary complaint)

11. Defendants allege that the complaint is barred by the applicable statute of limitations. (Irrelevant to this adversary complaint)

12. Defendants allege that the application and interpretation of California Code § 3426.4 is inapplicable under the long history of precedent of narrow interpretation of the non-dischargeability of a debt upon a finding of "willful" and "malicious" under 11 U.S.C. § 523(a)(6).

13. Defendants allege that plaintiff's reliance upon the underlying Civil Court

decision to award attorney fees fails to make a showing that the Civil Court made any specific finding as to "malicious" and "willful." Plaintiff's allegation that the Civil Court may only award fees upon a finding of "malicious" and "willful" is no where stated in the cited code section itself. Lastly, the Court's order and final decision in the underlying Civil action was the result of defendant's error in representing themselves and mistakenly causing certain matters to be admitted due to their negligence in complying with the rules of discovery. Based upon these negligently admitted admissions against the defendants, they ultimately lost the opportunity to argue their case and/or present their facts in defense against a finding of "willful" and "malicious." Therefore, the matters of "willful" and "malicious" as used under California Civil Code § 3426.4 were never presented to the Civil Court and thus should not be relied upon in this present bankruptcy proceeding to impose a finding of "willful" and "malicious" as used under 11 U.S.C. § 523(a)(6).

14.     The defendants incorporate by reference all other applicable defenses that will become available during discovery or trial, and amend their pleading to include the same. (Irrelevant to the adversary complaint)

## IV.
## APPLICABLE LAW

11 U.S.C. § 523(a)(6) states: "A discharge under section 727of this title does not discharge an individual debtor from any debt **for willful and malicious injury** by the debtor to another entity or to the property of another entity." (**Emphasis added**)

California Civil Code § 3426.4 states: "**If** a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or **willful and malicious misappropriation exists, the court may award reasonable attorney's fees and costs to the prevailing party**." (**Emphasis added**)

In re Lopez (2007) 367 B.R. 99 (attached to this memorandum of points and authorities) is directly on point concerning the dispute in this adversary complaint of Donald Thorn. The United States Bankruptcy Appellate Panel held that in In re Lopez, the bankruptcy court erred in concluding that the Rooker-Feldman doctrine required it to give the state court's judgment preclusive effect in the dischargeability proceeding and that the bankruptcy court erred in determining that it lacked discretion over whether to apply issue preclusion as to the state court judgment holding that an award of attorney's fees under the Uniform Trade Secrets Act (California Civil Code § 3426.4) precluded the defendants and debtors debts from being discharged under 11 U.S.C. § 523(a)(6).

The state court found that the debtor Lopez misappropriated ESR's confidential customer list and used it to actively solicit ESR's customers while simultaneously badmouthing ESR (much like what happened to plaintiff Donald Thorn in the state court action). Such actions were intentional and calculated to cause harm to ESR. The state court found that ESR suffered an injury as a result of Lopez' use of its customer list and Lopez has offered no just cause or excuse for his conduct.

Finally **in awarding attorney's fees, the United States Bankruptcy Appellate Panel held the state court necessarily had to find that the misappropriation was willful and malicious** by Lopez. (See Cal. Civ. Code § 3426.4 requiring a court to find that the misappropriation was willful and malicious before it may award attorney's fees)

Based on these factual findings by the state court, the bankruptcy court properly concluded that Lopez' conduct met both the willful and malicious prongs of § 523(a)(6) and held that this judgment was not dischargeable under 11 U.S.C. § 523(a)(6). This is exactly what happened to plaintiff Donald Thorn with respect to the Alvarez defendants and his award of

attorney's fees against them in the amount of attorney's fees under Civil Code § 3426.4.

In the In re Lopez decision, the United States Bankruptcy Panel referenced numerous reported cases granting summary judgment premised on identity of issues as appropriate under 11 U.S.C. § 523(a)(6) where a debtor was found by a state court (as in Sonoma County Superior Court case number SCV-246852) to have misappropriated trade secrets as follows:

1. Hobson Mould Works, Inc. v. Madsen [In re Madsen (8th Cir. 1999)] 195 F.3d 988;

2. Kawaauhau v. Geiger (1998) 523 U.S. 57;

3. Spring Works, Inc. v. Sarff (In re Sarff), 6th Cir. BAP 2000, 242 B.R. 620;

4. Worldwide Prosthetic Supply, Inc. v. Mikulsky (In re Mikulsky), 301 B.R. 726 (Bankr.E.D.Wis. 2003);

5. Read & Lundy, Inc. v. Brier (In re Brier), 274 B.R. 37 (Bankr.D.Mass.2002); and

6. Dent Wizard Intel. Corp. v. Brown (In re Brown), 237 B.R. 740 Bankr.C.D.Cal. 1999).

There is also a line of cases declining to award summary judgment in section 523(a)(6) trade secret situations. The leading case of this line is Miller v. J.D. Adams, Inc. (Matter of Miller), 156 F.3d 598 (5th Cir. 1998), in which summary judgment holding a state court judgment for misappropriation of trade secrets nondischargeable under section 523(a)(6) was reversed, on the grounds that the verdict did not necessarily establish nondischargeability under Geiger. Other cases deny summary judgment under similar facts e.g., S.L. Pierce Agency, Inc. v. Painter (In re Painter), 285 B.R. 662 (Bankr.S.D.Ohio 2002); Glucona Am., Inc. v. Ardisson (In re Ardisson), 272 B.R. 346 (Bankr.N.D.Ill. 2001); KV Pharm. Co. v. Harland (In re Harland), 235 B.R. 769, 777-79 (Bankr. E.D.Pa. 1999) (trial on stipulated facts).

The latter line of cases denying summary judgment involved findings that were inconclusive and there was no express finding of willful and malicious conduct. In <u>Harland</u>, the court granted judgment against the debtor on other grounds. In the underlying Sonoma County Superior Court action involving Donald Thorn and the Alvarez defendants, there is both an express finding of intentional and purposeful conduct and an award of attorney's fees under Civil Code § 3426 et seq.

## V.
## CONCLUSION

It is undisputed that in Sonoma County Superior court case number SCV-246852, the trial court held that the Alvarez defendants "converted" property of Donald Thorn, an intentional tort by "intentionally and purposefully taking his client list." Donald Thorn's state court action was brought under California's Uniform Trade Secrets Act (California Civil Code § 3426 et seq.). The court awarded Donald Thorn $30,000 in attorney's fees against the Alvarez defendants under Civil Code § 3426.4. Under the holding of <u>In re Lopez</u>, supra, the judgment against the Alvarez defendants is not dischargeable under 11 U.S.C. § 523(a)(6) as a matter of law.

For such reasons, plaintiff Donald Thorn's motion for summary judgment must be granted as a matter of law as to his adversary complaint in this action.

Date: February 14, 2014                 SUNDERLAND | McCUTCHAN, LLP


_Edward McCutchan_
Edward McCutchan
Attorneys for Plaintiff and Judgment Creditor
DONALD THORN

# In Re Lopez

Westlaw.

FOR EDUCATIONAL USE ONLY

367 B.R. 99, 07 Cal. Daily Op. Serv. 4125, 2007 Daily Journal D.A.R. 5287
(Cite as: 367 B.R. 99)

H

**United States Bankruptcy Appellate Panel
of the Ninth Circuit.**

In re Everett LOPEZ, Debtor.
Everett Lopez, Appellant,
v.
Emergency Service Restoration, Inc., Appellee.

BAP Nos. CC–06–1048 JKPa, CC–06–1049 JKPa.
Bankruptcy No. SV 04–15351–KT.
Adversary No. SV 04–01464–KT.
Argued and Submitted on Jan. 17, 2007.
Filed March 27, 2007.

**Background:** Judgment creditor that had obtained prepetition state-court judgment against Chapter 7 debtor for misappropriation of trade secrets filed adversary complaint, seeking determination that judgment debt was nondischargeable, and subsequently moved for summary judgment. The United States Bankruptcy Court for the Central District of California, Kathleen Thompson, J., granted the motion, and debtor appealed.

**Holdings:** The Bankruptcy Appellate Panel (BAP), Jaroslovsky, J., sitting by designation, held that:
(1) the bankruptcy court erred in concluding that the *Rooker-Feldman* doctrine required it to give the state court's judgment preclusive effect in the dischargeability proceeding, and
(2) the bankruptcy court erred in determining that it lacked discretion over whether to apply issue preclusion.

Vacated and remanded.

West Headnotes

**[1] Bankruptcy 51 ⟜3782**

51 Bankruptcy
    51XIX Review
        51XIX(B) Review of Bankruptcy Court

51k3782 k. Conclusions of law; de novo review. Most Cited Cases
    Bankruptcy Appellate Panel (BAP) exercises de novo review of the granting of summary judgment.

**[2] Bankruptcy 51 ⟜3782**

51 Bankruptcy
    51XIX Review
        51XIX(B) Review of Bankruptcy Court
            51k3782 k. Conclusions of law; de novo review. Most Cited Cases
    Availability of issue preclusion is reviewed de novo by the Bankruptcy Appellate Panel (BAP).

**[3] Bankruptcy 51 ⟜3784**

51 Bankruptcy
    51XIX Review
        51XIX(B) Review of Bankruptcy Court
            51k3784 k. Discretion. Most Cited Cases
    If issue preclusion is available, the bankruptcy court's decision to apply it is reviewed for abuse of discretion.

**[4] Bankruptcy 51 ⟜2062**

51 Bankruptcy
    51I In General
        51I(C) Jurisdiction
            51k2060 Exclusive, Conflicting, or Concurrent Jurisdiction
                51k2062 k. Bankruptcy courts and state courts. Most Cited Cases

**Courts 106 ⟜509**

106 Courts
    106VII Concurrent and Conflicting Jurisdiction
        106VII(B) State Courts and United States Courts
            106k509 k. Vacating or annulling decisions. Most Cited Cases
    Bankruptcy court erred in concluding that the

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

367 B.R. 99, 07 Cal. Daily Op. Serv. 4125, 2007 Daily Journal D.A.R. 5287
(Cite as: 367 B.R. 99)

*Rooker-Feldman* doctrine required it to give prepe-tition state-court judgment against Chapter 7 debtor for misappropriation of trade secrets preclusive effect in subsequent dischargeability proceeding brought by judgment creditor; debtor was not seeking to reverse the state-court judgment, but merely argued that principles of issue preclusion should not be applied to keep him from demonstrating that his conduct was not willful and malicious for nondischargeability purposes, and whether the judgment fell within the discharge exception for willful and malicious injury was a separate federal question over which the bankruptcy court had exclusive jurisdiction. 11 U.S.C.A. § 523(a)(6).

**[5] Judgment 228 ☞828.21(2)**

228 Judgment
   228XVII Foreign Judgments
      228k828 Effect of Judgments of State Courts in United States Courts
         228k828.21 Particular Federal Proceedings
            228k828.21(2) k. Bankruptcy. Most Cited Cases
   Nondischargeability claim is an independent federal claim as to which the effect of a prior state-court judgment is governed by principles of preclusion.

**[6] Courts 106 ☞509**

106 Courts
   106VII Concurrent and Conflicting Jurisdiction
      106VII(B) State Courts and United States Courts
         106k509 k. Vacating or annulling decisions. Most Cited Cases
   *Rooker-Feldman* is a narrow doctrine, confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

**[7] Courts 106 ☞509**

106 Courts
   106VII Concurrent and Conflicting Jurisdiction
      106VII(B) State Courts and United States Courts
         106k509 k. Vacating or annulling decisions. Most Cited Cases
   *Rooker-Feldman* doctrine applies only in "limited circumstances," where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.

**[8] Courts 106 ☞509**

106 Courts
   106VII Concurrent and Conflicting Jurisdiction
      106VII(B) State Courts and United States Courts
         106k509 k. Vacating or annulling decisions. Most Cited Cases
   *Rooker-Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment.

**[9] Courts 106 ☞509**

106 Courts
   106VII Concurrent and Conflicting Jurisdiction
      106VII(B) State Courts and United States Courts
         106k509 k. Vacating or annulling decisions. Most Cited Cases
   *Rooker-Feldman* doctrine does not override or supplant issue and claim preclusion doctrines.

**[10] Judgment 228 ☞720**

228 Judgment
   228XIV Conclusiveness of Adjudication
      228XIV(C) Matters Concluded
         228k716 Matters in Issue
            228k720 k. Matters actually litigated and determined. Most Cited Cases
   "Issue preclusion" bars relitigation of issues that have been actually litigated.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

FOR EDUCATIONAL USE ONLY

367 B.R. 99, 07 Cal. Daily Op. Serv. 4125, 2007 Daily Journal D.A.R. 5287
**(Cite as: 367 B.R. 99)**

**[11] Judgment 228 ⚖️634**

228 Judgment
    228XIV Conclusiveness of Adjudication
        228XIV(A) Judgments Conclusive in General
            228k634 k. Nature and requisites of former adjudication as ground of estoppel in general. Most Cited Cases
    Doctrine of issue preclusion is intended to avoid inconsistent judgments and the related misadventures associated with giving a party a second bite at the apple.

**[12] Judgment 228 ⚖️634**

228 Judgment
    228XIV Conclusiveness of Adjudication
        228XIV(A) Judgments Conclusive in General
            228k634 k. Nature and requisites of former adjudication as ground of estoppel in general. Most Cited Cases

**Judgment 228 ⚖️713(1)**

228 Judgment
    228XIV Conclusiveness of Adjudication
        228XIV(C) Matters Concluded
            228k713 Scope and Extent of Estoppel in General
                228k713(1) k. In general. Most Cited Cases
    Issue preclusion bars relitigation of an issue of fact or issue that: (1) is identical to a fact or issue determined in an earlier proceeding, (2) was actually decided by a court in an earlier action, (3) the issue was necessary to the judgment in such action, (4) there was a final judgment on the merits, and (5) the parties are the same.

**[13] Federal Courts 170B ⚖️420**

170B Federal Courts
    170BVI State Laws as Rules of Decision
        170BVI(C) Application to Particular Matters
            170Bk420 k. Judgment. Most Cited Cases

**Judgment 228 ⚖️828.4(1)**

228 Judgment
    228XVII Foreign Judgments
        228k828 Effect of Judgments of State Courts in United States Courts
        228k828.4 Full Faith and Credit
            228k828.4(1) k. In general. Most Cited Cases
    Full Faith and Credit Act requires that the federal courts give state court judgments the same preclusive effect those judgments would enjoy under the law of the state in which the judgment was rendered. 28 U.S.C.A. § 1738.

**[14] Trial 388 ⚖️393(2)**

388 Trial
    388X Trial by Court
        388X(B) Findings of Fact and Conclusions of Law
        388k393 Preparation and Form in General
            388k393(2) k. Preparation by or for court. Most Cited Cases
    While the adoption by the court of findings written by counsel for the prevailing party may lead to confusion and may not be a favored practice, it is common in state court bench trials and permissible under California law.

**[15] Federal Courts 170B ⚖️420**

170B Federal Courts
    170BVI State Laws as Rules of Decision
        170BVI(C) Application to Particular Matters
        170Bk420 k. Judgment. Most Cited Cases

**Judgment 228 ⚖️828.4(1)**

228 Judgment
    228XVII Foreign Judgments
        228k828 Effect of Judgments of State Courts in United States Courts
         228k828.4 Full Faith and Credit
            228k828.4(1) k. In general. Most Cited Cases
    Federal courts are required to give full faith

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

367 B.R. 99, 07 Cal. Daily Op. Serv. 4125, 2007 Daily Journal D.A.R. 5287
(Cite as: 367 B.R. 99)

and credit to state court decisions. 28 U.S.C.A. § 1738.

**[16] Judgment 228 ⟜828.21(2)**

228 Judgment
   228XVII Foreign Judgments
      228k828 Effect of Judgments of State Courts in United States Courts
         228k828.21 Particular Federal Proceedings
            228k828.21(2) k. Bankruptcy. Most Cited Cases
   Findings in state court's prepetition written statement of decision were not ineligible for issue preclusion purposes in judgment creditor's subsequent nondischargeability proceeding against Chapter 7 debtor merely because they were drafted by counsel. 11 U.S.C.A. § 523(a)(6).

**[17] Judgment 228 ⟜501**

228 Judgment
   228XI Collateral Attack
      228XI(B) Grounds
         228k500 Errors and Irregularities
            228k501 k. In general. Most Cited
   Under California law, a litigant may not collaterally attack a final judgment for nonjurisdictional errors.

**[18] Judgment 228 ⟜501**

228 Judgment
   228XI Collateral Attack
      228XI(B) Grounds
         228k500 Errors and Irregularities
            228k501 k. In general. Most Cited
   Under California law, error in denying a jury trial is merely error to be corrected on appeal and does not go to the jurisdiction of the court, and so may not provide the basis for collateral attack.

**[19] Federal Courts 170B ⟜420**

170B Federal Courts
   170BVI State Laws as Rules of Decision
      170BVI(C) Application to Particular Matters
         170Bk420 k. Judgment. Most Cited Cases

**Judgment 228 ⟜828.4(1)**

228 Judgment
   228XVII Foreign Judgments
      228k828 Effect of Judgments of State Courts in United States Courts
         228k828.4 Full Faith and Credit
            228k828.4(1) k. In general. Most Cited Cases
   Erroneous denial of a jury trial by a California court does not affect the obligation of a federal court to give full faith and credit to a California judgment that has become final. 28 U.S.C.A. § 1738.

**[20] Judgment 228 ⟜828.21(2)**

228 Judgment
   228XVII Foreign Judgments
      228k828 Effect of Judgments of State Courts in United States Courts
         228k828.21 Particular Federal Proceedings
            228k828.21(2) k. Bankruptcy. Most Cited Cases
   Under California law, state court's finding that debtor acted willfully and maliciously in misappropriating judgment creditor's trade secrets was a necessary prerequisite to the award of attorneys fees, for purposes of determining the issue-preclusive effect of the finding in subsequent nondischargeability proceedings. 11 U.S.C.A. § 523(a)(6); West's Ann.Cal.Civ. Code § 3426.4.

**[21] Bankruptcy 51 ⟜2164.1**

51 Bankruptcy
   51II Courts; Proceedings in General
      51II(B) Actions and Proceedings in General
         51k2164 Judgment or Order
            51k2164.1 k. In general. Most Cited

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

FOR EDUCATIONAL USE ONLY

Page 5

367 B.R. 99, 07 Cal. Daily Op. Serv. 4125, 2007 Daily Journal D.A.R. 5287
**(Cite as: 367 B.R. 99)**

Cases

### Judgment 228 ☞828.21(2)

228 Judgment
   228XVII Foreign Judgments
      228k828 Effect of Judgments of State Courts in United States Courts
         228k828.21 Particular Federal Proceedings
            228k828.21(2) k. Bankruptcy. Most Cited Cases
    Summary judgment premised on identity of issues may be appropriate under the discharge exception for willful and malicious injury where a debtor was found by a state court to have willfully and maliciously misappropriated trade secrets. 11 U.S.C.A. § 523(a)(6).

### [22] Judgment 228 ☞828.21(2)

228 Judgment
   228XVII Foreign Judgments
      228k828 Effect of Judgments of State Courts in United States Courts
         228k828.21 Particular Federal Proceedings
            228k828.21(2) k. Bankruptcy. Most Cited Cases
    Bankruptcy court had discretion over whether to give prepetition state-court judgment against Chapter 7 debtor for misappropriation of trade secrets preclusive effect in judgment creditor's subsequent proceeding to except debt from discharge as one for willful and malicious injury. 11 U.S.C.A. § 523(a)(6).

### [23] Judgment 228 ☞958(1)

228 Judgment
   228XXIII Evidence of Judgment as Estoppel or Defense
      228k958 Trial and Review
         228k958(1) k. In general. Most Cited Cases
At its heart, the decision to apply issue preclu-
sion entails a measure of discretion and flexibility.

### [24] Judgment 228 ☞720

228 Judgment
   228XIV Conclusiveness of Adjudication
      228XIV(C) Matters Concluded
         228k716 Matters in Issue
            228k720 k. Matters actually litigated and determined. Most Cited Cases
    Reasonable doubts about what was decided in a prior judgment are resolved against applying issue preclusion.

### [25] Judgment 228 ☞713(1)

228 Judgment
   228XIV Conclusiveness of Adjudication
      228XIV(C) Matters Concluded
         228k713 Scope and Extent of Estoppel in General
            228k713(1) k. In general. Most Cited Cases
    In California, issue preclusion is not applied automatically or rigidly, and courts are permitted to decline to give issue preclusive effect to prior judgments in deference of countervailing considerations of fairness.

### [26] Judgment 228 ☞713(1)

228 Judgment
   228XIV Conclusiveness of Adjudication
      228XIV(C) Matters Concluded
         228k713 Scope and Extent of Estoppel in General
            228k713(1) k. In general. Most Cited Cases
    Under California law, in applying issue preclusion, the court balances the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present the facts.

### [27] Judgment 228 ☞713(1)

228 Judgment
   228XIV Conclusiveness of Adjudication

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

FOR EDUCATIONAL USE ONLY                                              Page 6

367 B.R. 99, 07 Cal. Daily Op. Serv. 4125, 2007 Daily Journal D.A.R. 5287
**(Cite as: 367 B.R. 99)**

228XIV(C) Matters Concluded
228k713 Scope and Extent of Estoppel in General
228k713(1) k. In general. Most Cited Cases

Under California law, policy considerations may limit use of issue preclusion in any particular instance.

**[28] Judgment 228 ☞956(1)**

228 Judgment
228XXIII Evidence of Judgment as Estoppel or Defense
228k956 Evidence as to Identity of Issues or Matters Decided
228k956(1) k. Presumption and burden of proof. Most Cited Cases

Under California law, the proponent of issue preclusion bears the persuasive burden and the risk of nonpersuasion.

**\*102** Geraldine A. Valdez, San Diego, CA, for Appellee.

Rocky W. Dorcy, Van Nuys, CA, for Appellant.

Before: JAROSLOVSKY,[FN1] KLEIN and PAPPAS , Bankruptcy Judges.

FN1. Hon. Alan Jaroslovsky, Bankruptcy Judge for the Northern 1 District of California, sitting by designation.

### OPINION

JAROSLOVSKY, Bankruptcy Judge.

On summary judgment, the bankruptcy court conflated the so-called *Rooker–Feldman* doctrine with rules of claim and issue preclusion and thought it lacked authority to make an independent determination of whether a debt based on a state court judgment was excepted from discharge under 11 U.S.C. § 523(a)(6). We hold *Rooker–Feldman* is irrelevant to preclusion analysis, which entails a two-step process in which a trial court first determines the legal question of whether preclusion is available to be applied, and in the second step, a trial court is required to exercise discretion about whether to apply preclusion. Hence, we VACATE and REMAND for the court to apply the correct standards of preclusion analysis and publish to clarify that the Supreme Court's recent disapproval of expansive use of *Rooker–Feldman* saps that doctrine of utility in bankruptcy and operates to overrule prior BAP precedents applying that doctrine.

### FACTS

Prior to bankruptcy, debtor and appellant Everett Lopez was sued by plaintiff and appellee Emergency Service Restoration, Inc. ("ESR"), in state court on several claims including misappropriation of trade secrets. The state court judge determined, over Lopez's objection, that the matter was to be tried without a jury. After a contentious trial in which Lopez's counsel allegedly engaged in "screaming matches" with the judge, damages of $800,000.00 were awarded against Lopez, together with $386,367.53 in attorneys' fees for misappropriating ESR's customer list. The state court judge's statement of decision stated, "The Court further finds that Lopez/Febertech's misappropriation of ESR's customer list trade secret was willful and malicious and that ESR is the prevailing party in this action. Therefore, ESR shall recover reasonable attorney's fees and costs incurred in this action." (Citation omitted.)

**\*103** Although Lopez appealed the state court judgment, he abandoned that appeal. The state court judgment was final for all purposes before he commenced his chapter 7 case.

After Lopez filed his chapter 7 bankruptcy petition, ESR filed a complaint for determination that the judgment was nondischargeable. ESR then filed a motion for summary judgment, arguing that the state court findings had preclusive effect and the judgment was accordingly nondischargeable under sections 523(a)(4) and 523(a)(6) of the Bankruptcy Code. The bankruptcy court granted summary judg-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

ment to ESR, finding that "[t]he Debtor may not attack the State Court Judgment under the *Rooker–Feldman* Doctrine" and concluding that the judgment against Lopez was nondischargeable under § 523(a)(6). The court rejected Lopez's argument that it had the "equitable power" to disregard the state court judgment, stating that "I don't agree that I have the authority to ignore what the state court did." Lopez appeals from the order granting summary judgment and the judgment.

### ISSUES

1. Whether the bankruptcy court erred when it decided that the *Rooker–Feldman* doctrine required it to give preclusive effect to the state court findings.

2. Whether the bankruptcy court erred when it decided it lacked discretion over whether to apply issue preclusion.

### STANDARD OF REVIEW

[1][2][3] We exercise *de novo* review of the granting of summary judgment. *Conestoga Serv. Corp. v. Executive Risk Indem., Inc.,* 312 F.3d 976, 980 (9th Cir.2002). Likewise, the availability of issue preclusion is reviewed *de novo. Krishnamurthy v. Nimmagadda (In re Krishnamurthy),* 209 B.R. 714, 718 (9th Cir. BAP 1997), *aff'd,* 125 F.3d 858 (9th Cir.1997). If issue preclusion is available, the decision to apply it is reviewed for abuse of discretion. *Dias v. Elique,* 436 F.3d 1125, 1128 (9th Cir.2006); *George v. City of Morro Bay (In re George),* 318 B.R. 729, 733 (9th Cir. BAP 2004), *aff'd,* 144 Fed.Appx. 636 (9th Cir.2005), *cert. denied,* 546 U.S. 1094, 126 S.Ct. 1068, 163 L.Ed.2d 861 (2006).

### DISCUSSION

I. *Rooker–Feldman* Doctrine

The dischargeability proceeding in bankruptcy court was not the same action as the one tried in state court. While some of the findings made by the state court may be given preclusive effect in the bankruptcy action, that does not mean that the actions themselves are identical. *See Sasson v. Soko-*

*loff (In re Sasson),* 424 F.3d 864, 871 (9th Cir.2005), *cert. denied,* 547 U.S. 1206, 126 S.Ct. 2890, 165 L.Ed.2d 917 (2006).

[4][5] The *Rooker–Feldman* doctrine has no application to this case, which is an action filed by the victor in state court to determine the discharge status of that judgment under 11 U.S.C. § 523(a)(6). This is a separate federal question over which the bankruptcy court has exclusive jurisdiction. *Brown v. Felsen,* 442 U.S. 127, 138–39, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). It is settled that a nondischargeability claim is an independent federal claim as to which the effect of a prior state court judgment is governed by principles of preclusion. *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Brown,* 442 U.S. at 132–39, 99 S.Ct. 2205.

[6][7][8] The Supreme Court severely constrained *Rooker–Feldman* in **\*104** *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) ("Preclusion, of course, is not a jurisdictional matter."). During its next term, the Court also made clear in *Lance v. Dennis,* 546 U.S. 459, 126 S.Ct. 1198, 1201–03, 163 L.Ed.2d 1059 (2006), that it is error to conflate preclusion with *Rooker–Feldman:*

In *Exxon Mobil,* decided last Term, we warned that the lower courts have at times extended *Rooker–Feldman* "far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." 544 U.S., at 283, 125 S.Ct. 1517. *Rooker–Feldman,* we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284, 125 S.Ct. 1517.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

FOR EDUCATIONAL USE ONLY                    Page 8
367 B.R. 99, 07 Cal. Daily Op. Serv. 4125, 2007 Daily Journal D.A.R. 5287
**(Cite as: 367 B.R. 99)**

....

The District Court erroneously conflated preclusion law with *Rooker–Feldman.* Whatever the impact of privity principles on preclusion rules, *Rooker–Feldman* is not simply preclusion by another name. The doctrine applies only in "limited circumstances," *Exxon Mobil, supra,* at 291, 125 S.Ct. 1517, where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court. The *Rooker–Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment.

*Lance v. Dennis,* 126 S.Ct. at 1201–02 (footnote omitted).[FN2]

> FN2. It is apparent that *Exxon Mobil* and *Lance v. Dennis* operate to reject our precedents in which we have applied *Rooker–Feldman* in a manner now disapproved by the Supreme Court. Thus, we now regard such decisions as *Williams v. Swenson (In re Williams),* 280 B.R. 857 (9th Cir. BAP 2002), and *Audre, Inc. v. Casey (In re Audre, Inc.),* 216 B.R. 19 (9th Cir. BAP 1997), as overruled and no longer good law.

In this case, Lopez is not seeking to reverse the state court judgment. Lopez merely argues that principles of issue preclusion should not be applied to keep him from demonstrating that his conduct was not willful and malicious for purposes of § 523(a)(6) and that the judgment is therefore dischargeable. Dischargeability was not at issue in the state court.

[9] The *Rooker–Feldman* doctrine does not override or supplant issue and claim preclusion doctrines. *Exxon Mobil,* 544 U.S. at 284, 125 S.Ct. 1517; *Henrichs v. Valley View Dev.,* 474 F.3d 609, 613 (9th Cir.2007). It was accordingly error for the bankruptcy court to conclude that the *Rook-*

*er–Feldman* doctrine required it to give the state court's judgment preclusive effect in the dischargeability action.

II. Issue Preclusion

[10][11][12] Issue preclusion bars relitigation of issues that have been actually litigated. The doctrine is intended to avoid inconsistent judgments and the related misadventures associated with giving a party a second bite at the apple. Issue preclusion bars relitigation of an issue of fact or issue that: (1) is identical to a fact or issue determined in an earlier proceeding, (2) was actually decided by a court in an earlier action, (3) the issue was necessary to the judgment in such action, (4) there was a final judgment on the merits, and (5) the parties are the same. *105Harmon v. Kobrin (In re Harmon),* 250 F.3d 1240, 1245 (9th Cir.2001).

[13] The Full Faith and Credit Act requires that the federal courts give state court judgments the same preclusive effect those judgments would enjoy under the law of the state in which the judgment was rendered. 28 U.S.C § 1738; *Lee v. TCAST Commc'ns, Inc. (In re Lee),* 335 B.R. 130, 138 (9th Cir. BAP 2005).[FN3]

> FN3. The full restated rule, based on 28 U.S.C. § 1738 and judicial glosses thereon, governing the preclusive effect to be given in federal court to a prior state court judgment is set forth in Restatement (Second) of Judgments § 86 (1982):
>
> § 86. Effect Of State Court Judgment In A Subsequent Action I Federal Court
>
> A valid and final judgment of a state court has the same effects under the rules of res judicata in a subsequent action in a federal court that the judgment has by the law of the state in which the judgment was rendered, except that:
>
> (1) An adjudication of a claim in a state court does not preclude litigation in a

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

FOR EDUCATIONAL USE ONLY
367 B.R. 99, 07 Cal. Daily Op. Serv. 4125, 2007 Daily Journal D.A.R. 5287
(Cite as: 367 B.R. 99)

federal court of a related federal claim based on the same transaction if the federal claim arises under a scheme of federal remedies which contemplates that the federal claim may be asserted notwithstanding the adjudication in state court; and

(2) A determination of an issue by a state court does not preclude relitigation of that issue in federal court if according preclusive effect to the determination would be incompatible with a scheme of federal remedies which contemplates that the federal court may make an independent determination of the issue in question.

Although somewhat rambling and imprecise, Lopez argues that the "willful and malicious" issue was never actually decided by the state court. The state court made findings on the record, which did not expressly find that Lopez's conduct was willful and malicious. However, the state court's written statement of decision, filed after the trial, does contain an express finding of willful and malicious conduct. Lopez attacks the state court's written statement of decision as having been "concocted" by counsel for ESR and void because the findings in the written statement of decision exceeded the findings made on the record.

[14][15][16] While the adoption by the court of findings written by counsel for the prevailing party may lead to confusion and may not be a favored practice,[FN4] it is common in state court bench trials and permissible under state law. See *Schoenberg v. Benner,* 251 Cal.App.2d 154, 59 Cal.Rptr. 359, 363 (1967); *see generally* J.A. Bryant, Jr., Annotation, *Propriety and Effect of Trial Court's Adoption of Findings Prepared by Prevailing Party,* 54 A.L.R.3d 868 (1973). Federal courts are required to give full faith and credit to state court decisions. *Harmon,* 250 F.3d at 1245; *Lee,* 335 B.R. at 138.[FN5] Since California courts permit the practice, we reject Lopez's argument that the findings in

the state court's written statement of decision are ineligible for issue preclusion purposes merely because they were drafted by counsel.[FN6]

> FN4. *See E.g., Alvernaz Farms, Inc. v. Bank of Cal. (In re T.H. Richards Processing Co.),* 910 F.2d 639, 643 n. 2 (9th Cir.1990) ( "regrettable practice" and review findings with "special scrutiny"); *Sealy, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, 1385 n. 3 (9th Cir.1984)(same); *Barclays–Am./Bus. Credit, Inc. v. Radio WBHP, Inc. (In re Dixie Broad., Inc.),* 871 F.2d 1023, 1029–30 (11th Cir.1989).

> FN5. The Full Faith and Credit Act, 28 U.S.C. § 1738, provides, in pertinent part, that state court decisions "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

> FN6. To be sure, a subsequent court trying to decide if justice is being served by giving a judge's findings preclusive effect will derive more comfort from findings stated in the judge's own words than from findings later drafted by counsel. The Eleventh Circuit has aptly described the nub of the problem: "[w]hen an interested party is permitted to draft a judicial order without response by or notice to the opposing side, the temptation to overreach and exaggerate is overwhelming." *Colony Square Co. v. Prudential Ins. Co. (In re Colony Square Co.),* 819 F.2d 272, 275 (11th Cir.1987). Nevertheless, the findings are not automatically void or defective merely because they were written by the prevailing counsel.

**\*106** [17][18][19] For the same reason, the bankruptcy court correctly determined that it could not disregard the state court judgment solely be-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

FOR EDUCATIONAL USE ONLY

367 B.R. 99, 07 Cal. Daily Op. Serv. 4125, 2007 Daily Journal D.A.R. 5287
**(Cite as: 367 B.R. 99)**

cause Lopez believed that he was improperly denied a jury trial. Under state law, a litigant may not collaterally attack a final judgment for nonjurisdictional errors. *Estate of Buck,* 29 Cal.App.4th 1846, 35 Cal.Rptr.2d 442, 446 (1994). Error in denying a jury trial is merely error to be corrected on appeal and does not go to the jurisdiction of the court. *In re Fife,* 110 Cal. 8, 42 P. 299, 299 (1895); *Schmidt v. Townsend,* 103 Cal.App.2d 185, 229 P.2d 488, 489 (1951). Accordingly, an erroneous denial of a jury trial by a California court does not affect the obligation of a federal court to give full faith and credit to a California judgment that has become final.

[20] Lopez argues that the finding of willful and malicious conduct was not necessary to the state court's decision. However, California Civil Code § 3426.4 provides, in pertinent part, that "If ... willful and malicious misappropriation exists, the court may award reasonable attorney's fees and costs to the prevailing party." The finding was a necessary prerequisite to the award of attorney's fees.

[21] Lopez argues that issue preclusion is not permissible in this instance because the issues were not the same; that is, a finding of misappropriation of trade secrets, even if found to be willful and malicious, is not the same thing as a willful and malicious injury under § 523(a)(6) of the Bankruptcy Code.

We are not persuaded that the issues necessarily are different as a matter of law. Numerous reported cases regard summary judgment premised on identity of issues as appropriate under § 523(a)(6) where a debtor was found by a state court to have misappropriated trade secrets. The leading case for the creditor's position is *Hobson Mould Works, Inc. v. Madsen (In re Madsen),* 195 F.3d 988 (8th Cir.1999). In that case, the court rejected the debtor's argument that a state court judgment for misappropriation of trade secrets did not meet the requirements, under *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), for a finding of nondischargeability under § 523(a)(6).

Summary judgment in favor of the creditor based on issue preclusion was affirmed. Other post-*Geiger* § 523(a)(6) cases involving trade secrets are to the same effect. *E.g., Spring Works, Inc. v. Sarff (In re Sarff),* 242 B.R. 620 (6th Cir. BAP 2000); *Worldwide Prosthetic Supply, Inc. v. Mikulsky (In re Mikulsky),* 301 B.R. 726 (Bankr.E.D.Wis.2003); *Read & Lundy, Inc. v. Brier (In re Brier),* 274 B.R. 37 (Bankr.D.Mass.2002); and *Dent Wizard Intel. Corp. v. Brown (In re Brown),* 237 B.R. 740 (Bankr.C.D.Cal.1999).

There is also a line of cases declining to award summary judgment in § 523(a)(6) trade secret situations. The leading case of this line is *Miller v. J.D. Abrams Inc. (Matter of Miller),* 156 F.3d 598 (5th Cir.1998), in which summary judgment holding a state court judgment for misappropriation of trade secrets nondischargeable under § 523(a)(6) was reversed, on the \*107 grounds that the verdict did not necessarily establish nondischargeability under *Geiger.* Other cases deny summary judgment under similar facts. *E.g., S.L. Pierce Agency, Inc. v. Painter (In re Painter),* 285 B.R. 662 (Bankr.S.D.Ohio 2002); *Glucona Am., Inc.v. Ardisson (In re Ardisson),* 272 B.R. 346 (Bankr.N.D.Ill.2001); *KV Pharm. Co. v. Harland (In re Harland),* 235 B.R. 769, 777–79 (Bankr.E.D.Pa.1999)(trial on stipulated facts).

The latter line of cases denying summary judgment generally involves findings that were inconclusive and, hence, are less helpful to Lopez than the former line are to ESR. In *Miller,* the state court jury had declined to award punitive damages and there was no express finding of willful and malicious conduct. Id. at 601. In *Harland,* the court granted judgment against the debtor on other grounds. In *Painter,* the court pointed out that the state court had awarded neither punitive damages nor attorney's fees,[FN7] so there was no basis for concluding that the debtor's conduct had been adjudged willful and malicious. In this case, there is both an express finding of willful and malicious conduct and an award of attorney's fees.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

FOR EDUCATIONAL USE ONLY
367 B.R. 99, 07 Cal. Daily Op. Serv. 4125, 2007 Daily Journal D.A.R. 5287
(Cite as: 367 B.R. 99)

FN7. Ohio law, like California law, allows punitive damages and attorney's fees to be awarded only where the misappropriation of trade secrets is willful and malicious. *Painter,* 285 B.R. at 667–68.

To the extent there is any inconsistency between these lines of cases, we agree with the implicit ruling of the bankruptcy court that *Madsen* accurately states the law. *Miller* is factually distinguishable because the state court made no express finding of willful and malicious conduct. Moreover, the Ninth Circuit has twice disagreed with *Miller. Jett v. Sicroff (In re Sicroff),* 401 F.3d 1101, 1107 n. 5 (9th Cir.2005); *Carrillo v. Su (In re Su),* 290 F.3d 1140, 1145 n. 3 (9th Cir.2002).

III. Discretion

[22] Lopez argued to the bankruptcy court that it had the "equitable power" not to apply issue preclusion. Its focus diverted by the inapplicable *Rooker–Feldman* doctrine, the bankruptcy court rejected this argument and specifically found that it was required to apply issue preclusion in a mechanical way without exercising any independent judgment, indicating that it lacked "authority" to exercise such judgment. This was error, and requires us to remand for such an exercise.

[23] At its heart, the decision to apply issue preclusion entails a measure of discretion and flexibility. The authors of the *Restatement(Second) of Judgments* recognized "the need for flexibility in the operative principles, and this recognition has served as the basis for the exceptions to the rule of issue preclusion set forth in § 28." *Restatement(Second) of Judgments,* Title E, Introductory Note (1980). The exceptions to the general rule of issue preclusion that are set out in *Restatement(Second)* § 28 include such flexible concepts as: change in applicable legal context; avoiding inequitable administration of laws; differences in quality or extensiveness of procedures; and lack of adequate opportunity or incentive to obtain a full and fair adjudication in the initial action. Id. §§ 28(2), (3) & (5).

[24] The discretionary aspect of issue preclusion is settled as a matter of federal law. When faced with a question of the use of issue preclusion in, as here, the offensive context, the Supreme Court, citing a tentative draft of the *Restatement(Second)* with approval, held: "We have concluded that the preferable approach for dealing with these problems in **\*108** the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331 & nn. 14–16, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Thus, reasonable doubts about what was decided in a prior judgment are resolved against applying issue preclusion. *Frankfort Digital Servs., Ltd. v. Kistler (In re Reynoso),* 477 F.3d 1117 (9th Cir.2007). Moreover, this is consistent with the rule that preclusion is an affirmative matter as to which the proponent of preclusion has the burden of persuasion and bears the correlative risk of nonpersuasion. *See Exxon–Mobil,* 544 U.S. at 293, 125 S.Ct. 1517; Christopher Klein et al., *Principles of Preclusion & Estoppel in Bankruptcy Cases,* 79 AM. BANKR. L.J. 839, 882–83 (2005).

[25][26][27][28] California law is consistent with federal law on the question of discretionary application of issue preclusion. In California, issue preclusion is not applied automatically or rigidly, and courts are permitted to decline to give issue preclusive effect to prior judgments in deference of countervailing considerations of fairness. *Lucido v. Super. Ct.,* 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990); *People v. Seltzer,* 101 Cal.Rptr. 260, 262 (Cal.App.1972) (collecting cases). The court balances "the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present the facts." 1 Ann Taylor Schwing, Cal. Affirmative Defenses 2d § 15:8 (2006). Thus, policy considerations may limit use of issue preclusion in any particular instance. *Jackson v. City of Sacramento,* 117 Cal.App.3d 596, 172 Cal.Rptr. 826, 829 (1981). In the end, the proponent of preclusion bears the persuasive bur-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

FOR EDUCATIONAL USE ONLY

367 B.R. 99, 07 Cal. Daily Op. Serv. 4125, 2007 Daily Journal D.A.R. 5287
**(Cite as: 367 B.R. 99)**

den and the risk of nonpersuasion. *Lucido,* 272 Cal.Rptr. 767, 795 P.2d at 1225; *Camargo v. Cal. Portland Cement Co.,* 86 Cal.App.4th 995, 103 Cal.Rptr.2d 841, 855 (2001), *rev. denied* (2001); *Khaligh v. Hadaegh (In re Khaligh),* 338 B.R. 817, 825 (9th Cir. BAP 2006).

Lopez urged the bankruptcy court to consider several factors which he claimed militate against precluding him from contesting that his conduct was willful and malicious. These include alleged lack of decorum in the state court trial, alleged denial of a right to a jury, and the fact that the findings in the state court's written statement of decision drafted by ESR's counsel go beyond those made by the court orally. We are not in a position to be able to make the discretionary determination whether any of these factors, taken in context, justify allowing the nature of Lopez's conduct to be relitigated in bankruptcy court and we accordingly express no opinion on this issue. These are factors for the bankruptcy court to weigh in the exercise of sound discretion.

*CONCLUSION*

The bankruptcy court correctly determined that it was permissible for it to apply principles of issue preclusion to prohibit Lopez from relitigating whether his conduct was willful and malicious. However, the bankruptcy court made two errors: conflating the jurisdictional *Rooker–Feldman* doctrine with nonjurisdictional rules of preclusion and failing to recognize that it had discretion in giving preclusive effect to the state court findings. Accordingly, we VACATE the order and judgment appealed from and REMAND for further proceedings consistent with this opinion.

9th Cir.BAP (Cal.),2007.
In re Lopez
367 B.R. 99, 07 Cal. Daily Op. Serv. 4125, 2007 Daily Journal D.A.R. 5287

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SONOMA

I am employed in the County of Sonoma, State of California. I am over the age of 18 and not a party to the within action; my present address is: 412 Aviation Boulevard, Suite D, Santa Rosa, California 95403.

On February 14, 2014, I served the foregoing document described as **PLAINTIFF DONALD THORN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** on the parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

__XX__ By Regular U.S. Mail. The documents were placed for collection and mailing following ordinary business practice for deposit in the United States Postal Service in a sealed envelope with postage thereon fully prepaid, addressed as stated above.

____ By personal service. I caused each such envelope to be delivered by hand to the addressee(s) as stated above.

____ By facsimile transmitted from (707) 284-5527. The document transmission was reported as complete and without error.

____ By email or electronic transmission. I caused the document to be sent to the persons at the email addresses listed below. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 14, 2014, at Santa Rosa, California.

Kathleen M. Dahl

Attorneys for Defendants/Debtors:  Javier Agusto Alvarez and Heidi Erica Alvarez

Carl E. Combs, Esq.
Byron T. Nelson, Esq.
Law Offices of Carl E. Combs
515 13th Street
Modesto, CA  95351

Tel:  (209) 522-5400
Fax:  (209) 522-0407
Email: combslawyer@gmail.com