Edward McCutchan (SBN 119376)
SUNDERLAND | McCUTCHAN, LLP
412 Aviation Boulevard, Suite D
Santa Rosa, California 95403
Telephone: (707) 284-5524
Facsimile: (707) 284-5527

Attorneys for Plaintiff and Judgment Creditor
DONALD THORN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No.: 13-10923-AJ-7 |
| Javier Agusto and Heidi Erica Alvarez | A.P. No.: 13-01103 |
| Debtors./ | **PLAINTIFF DONALD THORN'S REPLY TO DEFENDANTS' OPPOSITION TO HIS MOTION FOR SUMMARY JUDGMENT** |
| Donald Thorn | |
| Plaintiff, | Date: April 4, 2014 |
| v. | Time: 9:00 a.m. |
| | Place: 99 South E Street |
| Javier Agusto and Heidi Erica Alvarez | Santa Rosa, California |
| Defendants./ | A.P. Filed: August 6, 2013 |
| | Trial Date: September 17, 2014 |
| | Judge: Alan Jaroslovsky |

## I.
## INTRODUCTION

Plaintiff Donald Thorn's motion for summary judgment in the adversary action focuses upon whether or not judicial estoppel applies to the June 8, 2012 judgment and the October 10, 2012 amended judgment awarding attorney's fees in his favor and against defendants Javier Agusto Alvarez and Heidi Eric Alvarez under Civil Code § 3426.4 in Sonoma County Superior Court case number SCV-246852 to preclude dischargeability under 11 U.S.C. § (a)(6). The June

8, 2012 judgment and the October 10, 2012 amended judgment as well as the notice of motion for attorney's fees under California Civil Code § 3426.4 and memorandum of points and authorities in support of such motion under California Civil Code § 3426.4 in Sonoma County Superior Court case number SCV-246852 is before this court.  Under In re Lopez (2007) 367 B.R. 99, <u>Donald Thorn's award of $30,000 in attorney's fees against Javier Agusto Alvarez and Heidi Erica Alvarez under Civil Code § 3426.4  as a matter of law precludes the Alvarez defendants' discharge of the October 10, 2012 amended judgment in the State Court action under 11 U.S.C. § 523(a)(6)</u>.

In conjunction with this reply to defendants' opposition to Donald Thorn's motion for summary judgment, he has submitted objections to the declaration of Byron T. Nelson and all exhibits thereto dated March 17, 2014, the March 16, 2014 declaration of Javier Agusto Alvarez and the declaration of Heidi Erica Alvarez.  Plaintiff objects on the grounds that the declarations and the evidence they are attempting to introduce before this court is barred by judicial estoppel per the June 8, 2012 judgment and the October 10, 2012 amended judgment awarding attorney's fees in favor of plaintiff and against defendants Javier Agusto Alvarez and Heidi Erica Alvarez under California Civil Code § 3426.4 in Sonoma County Superior Court case number SCV-246852 under In re Lopez (2007) 367 B.R. 99.

The evidence before this court as to the summary judgment motion which includes the notice of motion and the memorandum of points and authorities in support of Donald Thorn's request for attorney's fees against the Alvarez defendants in the underlying State Court action clearly shows that he sought attorney's fees under California Civil Code § 3426.4 and that the trial court granted Donald Thorn $30,000 in attorney's fees under this code section.  As a matter of law and under In re Lopez, supra, (as well as other cited authority in Donald Thorn's

memorandum of points and authorities in support of this motion), plaintiff's judgment against the Alvarez defendants is not dischargeable under 11 U.S.C. § 523(a)(6).

Noteworthy is that defendants have cited <u>no authority</u> undermining the holding of <u>In re Lopez</u>, supra. Defendants' time to appeal the judgment against them in the State Court action has long passed.

## II.
## STATEMENT OF FACTS

The only material facts this court should consider with respect to this motion for summary judgment was that Donald Thorn was awarded $36,829.98 on June 22, 2012 in the Sonoma County Superior Court action against defendants Javier Agusto Alvarez and Heidi Erica Alvarez jointly and severally for breach of contract, <u>conversion/interference with property (an intentional tort)</u>, negligence, common counts and injunctive relief with respect to Donald Thorn's assets (trade secrets).

The amended judgment in the Sonoma County Superior Court action entered on October 10, 2012 awarded plaintiff Donald Thorn $30,000 in attorney's fees against defendants Javier Agusto Alvarez and Heidi Erica Alvarez <u>under California Civil Code § 3426</u> et seq. (California's Uniform Trade Secret's Act).

Plaintiff Donald Thorn's judgment and amended judgment in Sonoma County Superior Court case number SCV-246852 for conversion and violation of the Uniform Trade Secret's Act (Civil Code § 3426 et seq.) against the Alvarez defendants found that there was a finding of willful and intentional conduct where an award of attorney's fees under Civil Code § 3426.4 is not dischargeable under 11 U.S.C. § 523(a)(6).

The notice of motion for attorney's fees under Civil Code § 3426.6 and the memorandum of points and authorities in support of that motion <u>also before this court</u> with respect to this

motion for summary judgment supports the finding that Donald Thorn's judgment against the Alvarez defendants in the Sonoma County Superior Court action <u>is not dischargeable</u> as a matter of law under <u>In re Lopez</u> (2007) 367 B.R. 99 and 11 U.S.C. § 523(a)(6). As such, the statement of facts submitted by the Alvarez defendants at page 3, lines 20 through 28 and page 4, lines 1 through 26 is not relevant to the issues before this court in that they are improperly attempting to re-litigate the underlying action in the Sonoma County Superior Court.

### III.
### PLAINTIFF DONALD THORN IS ENTITLED TO SUMMARY JUDGMENT AGAINST DEFENDANTS JAVIER AGUSTO ALVAREZ AND HEIDI ERICA ALVAREZ

As a matter of law, plaintiff Donald Thorn is entitled to summary judgment against defendants Javier Agusto Alvarez and Heidi Erica Alvarez based upon the State Court's award of attorney's fees in Donald Thorn's favor and against the Alvarez defendants under California Civil Code § 3426.4. In attempting to create a triable issue of material facts, defendants seek to re-litigate the underlying judgment and the amended judgment in the Sonoma County Superior Court which were entered well before the Alvarez defendants filed for Chapter 7 bankruptcy protection.

The seminal case supporting plaintiff Donald Thorn's position where the court should award him summary judgment in his favor against the Alvarez defendants finding that the judgment against them is not dischargeable under 11 U.S.C. § 523(a)(6) is <u>In re Lopez</u>, supra, where in awarding attorney's fees under Civil Code § 3426.4 (as we have with respect to Donald Thorn's matter), the United States Bankruptcy Panel held that the State Court necessarily had to find that the misappropriation of trade secrets by the defendant in <u>In re Lopez</u> was willful and malicious.

It is irrelevant that this court to go beyond the judgment, amended judgment, the notice of

motion for attorney's fees under Civil Code § 3426.4 and the memorandum of points and authorities in support of Donald Thorn's motion for attorney's fees under Civil Code § 3426.4 where the Alvarez defendants herein seek to try the underlying case again.

The key in this court's decision is whether or not the award of $30,000 to Donald Thorn against the Alvarez defendants in the underlying State Court action under Civil Code § 3426.4 mandated that the State Court necessarily had to find that the Alvarez defendants misappropriation of his trade secrets was willful and malicious. The answer is clearly in the affirmative under the law and authorities presented to this court by plaintiff Donald Thorn.

It is irrelevant if the <u>Thorn v. Alvarez</u> dispute at the State Court level was fully litigated or not before a judge or jury or resolved by a dispositive motion. The key is that the Sonoma County Superior Court awarded Donald Thorn attorney's fees specifically under California Civil Code § 3426.4 for the intentional tort of conversion specifically stated in the judgment and amended judgment against the Alvarez defendants. Had it not, the $30,000 in attorney's fees would not have been award. As such, under <u>In re Lopez</u>, supra, the State Court had to find that the Alvarez defendants' intentional torts of misappropriating Donald Thorn's trade secrets was willful and malicious and as such, the judgment Donald Thorn has against the Alvarez defendants in the Sonoma County Superior Court case number SCV-246852 is not dischargeable under 11 U.S.C. § 523(a)(6) as a matter of law.

The Alvarez defendants at length attempted to distinguish the <u>In re Lopez</u> decision yet failed to discuss where the United States Bankruptcy Panel referenced numerous reported cases granting summary judgments premised on identity of issues as appropriate under 11 U.S.C. § 523(a)(6) where a debtor was found by a State Court as in this Sonoma County Superior Court action to have misappropriated trade secrets as follows:

1. Hobson Mould Works, Inc. v. Madsen [In re Madsen (8th Cir. 1999)] 195 F.3d 988;

2. Kawaauhau v. Geiger (1998) 523 U.S. 57;

3. Spring Works, Inc. v. Sarff (In re Sarff), 6th Cir. BAP 2000, 242 B.R. 620;

4. Worldwide Prosthetic Supply, Inc. v. Mikulsky (In re Mikulsky), 301 B.R. 726 (Bankr.E.D.Wis. 2003);

5. Read & Lundy, Inc. v. Brier (In re Brier), 274 B.R. 37 (Bankr.D.Mass.2002); and

6. Dent Wizard Intel. Corp. v. Brown (In re Brown), 237 B.R. 740 Bankr.C.D.Cal. 1999).

In fact, plaintiff Donald Thorn submitted authority to the court in his memorandum of points and authorities where summary judgment motions were denied as to a plaintiff for misappropriate of trade secrets as being non-dischargeable under 11 U.S.C. § 523(a)(6) <u>which factually do not apply to the clear language of the judgment, amended judgment and the legal and factual basis Donald Thorn's motion for attorney's fees under Civil Code § 3426.4 as stated in his notice of motion and memorandum of points and authorities in support of this motion for attorney's fees in the Sonoma County Superior Court action.</u>

## IV.
## CONCLUSION

It is undisputed through the judgment, amended judgment, the memorandum of points of points and authorities and the notice of motion for attorney's fees under Civil Code § 3426.4 that the Sonoma County Superior Court held that the Alvarez defendants converted property of Donald Thorn, an intentional tort by intentionally and purposefully taking his client list and awarded him attorney's fees under Civil Code § 3426.4.

///

Under the holding of In re Lopez, supra, as well as other authority presented to the court, Donald Thorn's amended judgment against the Alvarez defendants is not dischargeable under 11 U.S.C. § 523(a)(6) as a matter of law.

For such reasons, plaintiff Donald Thorn's motion for summary judgment must be granted as a matter of law as to his adversary complaint against Javier Agusto Alvarez and Heidi Erica Alvarez.

Date: March 20, 2014

SUNDERLAND | McCUTCHAN, LLP

Edward McCutchan
Attorneys for Plaintiff and Judgment Creditor
DONALD THORN

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SONOMA

I am employed in the County of Sonoma, State of California. I am over the age of 18 and not a party to the within action; my present address is: 412 Aviation Boulevard, Suite D, Santa Rosa, California 95403.

On March 24, 2014, I served the foregoing document described as **PLAINTIFF DONALD THORN'S REPLY TO DEFENDANTS' OPPOSITION TO HIS MOTION FOR SUMMARY JUDGMENT** on the parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

__XX__  By Regular U.S. Mail. The documents were placed for collection and mailing following ordinary business practice for deposit in the United States Postal Service in a sealed envelope with postage thereon fully prepaid, addressed as stated above.

____  By personal service. I caused each such envelope to be delivered by hand to the addressee(s) as stated above.

____  By facsimile transmitted from (707) 284-5527. The document transmission was reported as complete and without error.

____  By email or electronic transmission. I caused the document to be sent to the persons at the email addresses listed below. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 24, 2014, at Santa Rosa, California.

/s/ Kathleen M. Dahl
Kathleen M. Dahl

<u>In re: Javier Agusto Alvarez, Heidi Erica Alvarez</u>
United States Bankruptcy Court Case No.: 13-10923-AJ-7

Attorneys for Defendants/Debtors: Javier Agusto Alvarez and Heidi Erica Alvarez

Carl E. Combs, Esq.
Byron T. Nelson, Esq.
Law Offices of Carl E. Combs
515 13th Street
Modesto, CA 95351

Tel: (209) 522-5400
Fax: (209) 522-0407
Email: combslawyer@gmail.com