Edward McCutchan (SBN 119376)
SUNDERLAND | McCUTCHAN, LLP
412 Aviation Boulevard, Suite D
Santa Rosa, California 95403
Telephone: (707) 284-5524
Facsimile: (707) 284-5527

Attorneys for Plaintiff and Judgment Creditor
DONALD THORN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No.: 13-10923-AJ-7 |
| Javier Agusto and Heidi Erica Alvarez | A.P. No.: 13-01103 |
| Debtors./ | **PLAINTIFF DONALD THORN'S REPLY TO DEFENDANTS' OPPOSITION TO THE UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS SUMMARY JUDGMENT MOTION** |
| Donald Thorn | |
| Plaintiff, | |
| v. | Date: April 4, 2014<br>Time: 9:00 a.m. |
| Javier Agusto and Heidi Erica Alvarez | Place: 99 South E Street<br>Santa Rosa, California |
| Defendants./ | A.P. Filed: August 6, 2013<br>Trial Date: September 17, 2014 |
| | **Judge:** Alan Jaroslovsky |

Plaintiff Donald Thorn submits the following reply to defendants' opposition to his separate statement of undisputed material facts and supporting evidence in support of his summary judgment motion, pursuant to California Code of Civil Procedure § 437c, subd. (b).

/ / /

/ / /

/ / /

PLAINTIFF DONALD THORN'S REPLY TO DEFENDANTS' OPPOSITION TO THE UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT
1

Case: 13-01103   Doc# 15-4   Filed: 03/25/14   Entered: 03/25/14 09:02:04   Page 1 of 7

Issue 1 – THE AMENDED JUDGMENT ENTERED BY THE SUPERIOR COURT IS NOT DISCHARGEABLE IN BANKRUPTCY

| Defendants' Response, Objections, and Evidence Supporting Contention that this Fact is Disputed: | Moving Party's Reply and Supporting Evidence: |
|---|---|
| 1. <u>Undisputed</u>. | 1. Donald Thorn was awarded $36,829.98 on June 22, 2012 in Sonoma County Superior Court in case number SCV-246852 against Javier Agusto Alvarez and Heidi Erica Alvarez, jointly and severally, for breach of contract, conversion/interference with property (an intentional tort), negligence, common counts and injunctive relief with respect to their conversion of Donald Thorn's assets.<br><br><u>Evidence in Support of Summary Judgment Motion</u>: Exhibit "1" to the accompanying declaration of Edward McCutchan in support of Donald Thorn's motion for summary judgment; August 5, 2013 Adversary Complaint case number 13-01103. |
| 2. <u>Undisputed</u>. | 2. The Amended Judgment in Sonoma County Superior Court case number SCV-246852 entered on October 10, 2012 awarded plaintiff Donald Thorn $30,000.00 in attorney's fees against defendants Javier Agusto Alvarez and Heidi Erica Alvarez under Civil Code § 3426 et seq. (California's Uniform Trade Secrets Act)<br><br><u>Evidence in Support of Summary Judgment Motion</u>: The October 10, 2012 order states that plaintiff is also awarded $30,000 in attorney's fees against Javier Agusto Alvarez and Heidi Alvarez under California's Uniform Trade Secrets Act. (Civil Code § 3426 et seq.) |
| 3. <u>Disputed</u>. The fact asserted by Plaintiff is inaccurate as the Amended Judgment only shows that the Court found that "defendants intentionally and purposefully took plaintiff Donald Thorn's client list…" No where /sic/ in the Court's judgment did it find that Defendants acted with willful and malicious | 3. This is inaccurate: See June 8, 2012 judgment, October 10, 2012 amended judgment, notice of motion for attorney's fees under Civil Code § 3426.4 and memorandum of points and authorities in support of an award of attorney's fees under Civil Code § 3426.4 by plaintiff Donald Thorn in Sonoma County |

PLAINTIFF DONALD THORN'S REPLY TO DEFENDANTS' OPPOSITION TO THE UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT
2

Case: 13-01103    Doc# 15-4    Filed: 03/25/14    Entered: 03/25/14 09:02:04    Page 2 of 7

| | |
|---|---|
| intent to cause injury to Plaintiff as required under 11 U.S.C. § 523(c). Furthermore, the Court's judgment was delivered NOT after a full litigated trial but by way of a judgment on the pleadings resulting because of Defendants' mistake in responding to Plaintiff's Requests for Admissions. Therefore, the Court received and heard no evidence in regards to Defendants conduct and therefore made no actual finding regarding the issue of willful and malicious intent as it applies to nondischargeability in bankruptcy court.<br><br>Furthermore, the asserted fact lacks foundation and is hearsay. (California Evidence Code Section 1200 et seq.) Additionally, Defendants have not received Plaintiffs' responses to discovery on this issue.<br><br><u>Evidence</u>: Defendants ask that the Court take judicial notice of all papers, pleadings and argument in the underlying Civil Court case hereinafter Sonoma County Superior Court case number SCV-246852, and specifically page 3, paragraph 2 of the Amended Judgment, filed 10/10/2012. Also, see the declarations of Defendants. | Superior Court case number SCV-246852. |
| 4. <u>Disputed</u>. The fact asserted by Plaintiff is disputed because Defendants' answers to Plaintiff's complaint reveals that the State Court made no finding regarding willful and malicious intent nor did the State Court consider evidence regarding the issue of willful and malicious intent. The finding that a intentional tort was committed is not sufficient for a finding of nondischargeability under 11 U.S.C. § 523(c). Furthermore, the imposition of the attorney's fees as relied upon by Plaintiff in <u>In re Lopez</u> (2007) 367 B.R. 99 does not in and of itself constitute a finding of willful and malicious intent under 11 U.S.C. § 523(c). <u>In re Lopez</u> is distinguishable from the present matter for the reasons outlined in Defendants' Opposition to Plaintiff's Motion for Summary | 4. This is inaccurate: See June 8, 2012 judgment, October 10, 2012 amended judgment, notice of motion for attorney's fees under Civil Code § 3426.4 and memorandum of points and authorities in support of an award of attorney's fees under Civil Code § 3426.4 by plaintiff Donald Thorn in Sonoma County Superior Court case number SCV-246852. |

PLAINTIFF DONALD THORN'S REPLY TO DEFENDANTS' OPPOSITION TO THE UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

3

Case: 13-01103    Doc# 15-4    Filed: 03/25/14    Entered: 03/25/14 09:02:04    Page 3 of 7

| | |
|---|---|
| Judgment.<br><br>Evidence: Defendants ask that the Court take judicial notice of all papers, pleadings and argument in the underlying Civil Court case hereinafter Sonoma County case number SCV-246852, and specifically page 3, paragraph 2 of the Amended Judgment, filed 10/10/2012. Also, see the declarations of Defendants. | |

Additional Undisputed Material Facts:

| Defendants Contend the Following Material Facts are Undisputed: | Moving Party's Response and Supporting Evidence: |
|---|---|
| 1. It is undisputed that the State Trial Court in the underlying civil action relied upon by Plaintiff did not receive any evidence regarding the issue of willful and malicious intent to cause injury to Plaintiff. | 1. Disputed.<br><br>Evidence: See June 8, 2012 judgment, October 10, 2012 amended judgment, notice of motion for attorney's fees under Civil Code § 3426.4 and memorandum of points and authorities in support of an award of attorney's fees under Civil Code § 3426.4 by plaintiff Donald Thorn in Sonoma County Superior Court case number SCV-246852. |
| 2. It is undisputed that the State Trial Court judgment in the underlying civil action did not resolve after a full trial on the merits but rather by way of a judgment on the pleadings due to Defendants' mistake in responding to Requests for Admissions. | 2. Disputed.<br><br>Evidence: See June 8, 2012 judgment, October 10, 2012 amended judgment, notice of motion for attorney's fees under Civil Code § 3426.4 and memorandum of points and authorities in support of an award of attorney's fees under Civil Code § 3426.4 by plaintiff Donald Thorn in Sonoma County Superior Court case number SCV-246852. |
| 3. It is undisputed that the State Trial Court judgment in the underlying civil action held only that Defendants "...intentionally and purposefully took plaintiff Donald Thorn's client list..." | 3. Disputed.<br><br>Evidence: See June 8, 2012 judgment, October 10, 2012 amended judgment, notice of motion for attorney's fees under Civil Code § 3426.4 and memorandum of points and authorities in support of an award of attorney's fees under Civil Code § 3426.4 by plaintiff Donald Thorn in Sonoma County Superior Court case number SCV-246852. |

PLAINTIFF DONALD THORN'S REPLY TO DEFENDANTS' OPPOSITION TO THE UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

4

Case: 13-01103    Doc# 15-4    Filed: 03/25/14    Entered: 03/25/14 09:02:04    Page 4 of 7

| | |
|---|---|
| 4. It is undisputed that Defendant Javier Alvarez worked for Plaintiff as a process server and continued working for Plaintiff for free during the month of November 2009. | 4. <u>Disputed</u>.<br><br><u>Evidence</u>: Objection. This request is barred by judicial estoppel per the June 8, 2012 judgment and the October 10, 2012 amended judgment awarding attorney's fees in favor of plaintiff and against Javier Agusto Alvarez and Heidi Erica Alvarez under California Civil Code § 3426.4 in Sonoma County Superior Court case number SCV-246852. (See <u>In re Lopez</u> (2007) 367 B.R. 99) The issue in this adversary proceeding is whether or not these two judgments have judicial estoppel effect per plaintiff's motion for summary judgment set for hearing on March 7, 2014. |
| 5. It is undisputed that Defendant Javier Alvarez and Plaintiff engaged in negotiations regarding the sell /sic/ of Plaintiff's business to Defendants and that Defendant made an initial payment to Plaintiff of $500.00 for purchase of the business. | 5. <u>Disputed</u>.<br><br><u>Evidence</u>: Objection. This request is barred by judicial estoppel per the June 8, 2012 judgment and the October 10, 2012 amended judgment awarding attorney's fees in favor of plaintiff and against Javier Agusto Alvarez and Heidi Erica Alvarez under California Civil Code § 3426.4 in Sonoma County Superior Court case number SCV-246852. (See <u>In re Lopez</u> (2007) 367 B.R. 99) The issue in this adversary proceeding is whether or not these two judgments have judicial estoppel effect per plaintiff's motion for summary judgment set for hearing on March 7, 2014. |

Date: March 21, 2014

SUNDERLAND | McCUTCHAN, LLP

*/s/ Edward McCutchan*
Edward McCutchan
Attorneys for Plaintiff and Judgment Creditor
DONALD THORN

PLAINTIFF DONALD THORN'S REPLY TO DEFENDANTS' OPPOSITION TO THE UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

5

Case: 13-01103    Doc# 15-4    Filed: 03/25/14    Entered: 03/25/14 09:02:04    Page 5 of 7

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SONOMA

I am employed in the County of Sonoma, State of California. I am over the age of 18 and not a party to the within action; my present address is: 412 Aviation Boulevard, Suite D, Santa Rosa, California 95403.

On March 24, 2014, I served the foregoing document described as **PLAINTIFF DONALD THORN'S REPLY TO DEFENDANTS' OPPOSITION TO THE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** on the parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

__XX__ By Regular U.S. Mail. The documents were placed for collection and mailing following ordinary business practice for deposit in the United States Postal Service in a sealed envelope with postage thereon fully prepaid, addressed as stated above.

____ By personal service. I caused each such envelope to be delivered by hand to the addressee(s) as stated above.

____ By facsimile transmitted from (707) 284-5527. The document transmission was reported as complete and without error.

____ By email or electronic transmission. I caused the document to be sent to the persons at the email addresses listed below. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 24, 2014, at Santa Rosa, California.

_Kathleen M. Dahl_

PLAINTIFF DONALD THORN'S REPLY TO DEFENDANTS' OPPOSITION TO THE UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

6

Case: 13-01103   Doc# 15-4   Filed: 03/25/14   Entered: 03/25/14 09:02:04   Page 6 of 7

<u>In re: Javier Agusto Alvarez, Heidi Erica Alvarez</u>
United States Bankruptcy Court Case No.: 13-10923-AJ-7

Attorneys for Defendants/Debtors: Javier Agusto Alvarez and Heidi Erica Alvarez

Carl E. Combs, Esq.
Byron T. Nelson, Esq.
Law Offices of Carl E. Combs
515 13th Street
Modesto, CA 95351

Tel: (209) 522-5400
Fax: (209) 522-0407
Email: combslawyer@gmail.com

**PLAINTIFF DONALD THORN'S REPLY TO DEFENDANTS' OPPOSITION TO THE UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Case: 13-01103    Doc# 15-4    Filed: 03/25/14    Entered: 03/25/14 09:02:04    Page 7 of 7