UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JAVIER and HEIDI ALVAREZ,   No. 13-10923

                              Debtor(s).
_____/

DONALD THORN,

                              Plaintiff(s),

            v.   A.P. No. 13-1103

JAVIER and HEIDI ALVAREZ,

                              Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

      In February of 2010, plaintiff Donald Thorn filed an action in state court against Chapter 7 debtors and defendants Javier and Heidi Alvaraz. The suit was the result of a failed contract whereby the Alvarezes would purchase a business known as Double Eagle Process from plaintiff Donald Thorn. The complaint alleged that Thorn had let the Alvarezes operate the business briefly while they were discussing terms, but that in Thorn's absence the Alvarezes took over the business but never consummated the purchase.

      The Alvarezes represented themselves in state court and did a poor job of it. They failed to properly respond to a request for admissions. During pretrial proceedings, the state court granted Thorn's motion for judgment based on the deemed admissions. The court specifically found that the

1

Alvarezes intentionally and purposefully took Thorn's client list, and awarded him damages of $36,829.98. Thorn then moved for attorneys' fees pursuant to California Civil Code § 3426.4, which provides that if willful and malicious misappropriation of a trade secret exists the court may award reasonable attorneys' fees to the prevailing party. The state court granted the motion, awarded $30,000.00 in attorneys' fees, and entered an amended judgment for $69,442.97.

Thereafter, the Alvarezes filed their bankruptcy petition and Thorn commenced this adversary proceeding seeking a determination that the state court judgment is nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code. His motion for summary judgment based on issue preclusion (collateral estoppel) is now before the court.

The court looks to state law when considering whether to apply collateral estoppel. *In re Harmon,* 250 F.3d 1240, 1245 (9th Cir. 2001). One requirement for the application of collateral estoppel under California law is that the issue must have been actually litigated. *Id.* If the state court judgment had been rendered without reliance on the deemed admissions, the doctrine of collateral estoppel would probably require the court to grant Thorn's motion. However, the state court judgment was rendered based on deemed admissions when the Alvarezes failed to properly respond to a request for admissions. California Code of Civil Procedure § 2033.410(b) provides that "[A]ny admission by a party made under this section is binding only on that party and is made for the purposes of the pending action only. It is not an admission by that party for any other purpose, and it shall not be used in any manner against that party in any other proceeding." When facts were deemed admitted in a prior case because of defective discovery responses, they are not deemed admitted in a subsequent action; the "actually litigated" element of collateral estoppel is unsatisfied. *In re Pizante,* 186 B.R. 484, 489 (9th Cir. 1995), summarily aff'd, 107 F.3d 878 (9th Cir. 1997).[1]

For the foregoing reasons, Thorn's motion for summary judgment must be denied. Counsel for

---

[1] Although *Pizante* was decided under Federal Rule of Civil Procedure 36, that rule is essentially identical to California Code of Civil Procedure § 2033.410.

2

the Alvarezes shall submit an appropriate form of order.

Dated: May 5, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

3