Edward McCutchan (SBN 119376)
**SUNDERLAND | McCUTCHAN, LLP**
412 Aviation Boulevard, Suite D
Santa Rosa, California 95403
Telephone: (707) 284-5524
Facsimile: (707) 284-5527

Attorneys for Plaintiff,
DONALD THORN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No.: 13-10923-AJ-7 |
| Javier Agusto and Heidi Erica Alvarez | A.P. No.: 13-01103 |
| Debtors./ | **PLAINTIFF DONALD THORN'S TRIAL BRIEF** |
| Donald Thorn | |
| Plaintiff, | Trial: September 17, 2014<br>Time: 9:00 a.m. |
| v. | Place: U.S. Bankruptcy Court<br>99 South E Street<br>Santa Rosa, CA 95403 |
| Javier Agusto and Heidi Erica Alvarez | |
| Defendants./ | Judge: Alan Jaroslovsky |

## I.
## INTRODUCTION

This action went to trial in the State court resulting in a $69,442.94 Amended Judgment of October 10, 2012 against defendants Javier Agusto Alvarez and Heidi Erica Alvarez for converting Donald Thorn's trade secrets of his business "Double Eagle Process," a legal process company serving summons, complaints and other court related documents, irreparably damaging it. Attorney's fees under California Civil Code § 3426.4 of $30,000 finding that willful and malicious misappropriation of Donald Thorn's business trade secrets were done by the Alvarez

PLAINTIFF DONALD THORN'S TRIAL BRIEF

1

defendants.

Plaintiff timely filed his Adversary Complaint on August 5, 2013 to determine non-dischargeability of this judgment under 11 U.S.C. § 523(a)(6) for the willful and malicious misappropriation of his business assets.

## II.
## STATEMENT OF THE FACTS

This action arises from the unsuccessful sale of a business, "Double Eagle Process" by plaintiff, Donald Thorn to a third party independent contractor (process server), defendants, Javier Agusto Alvarez and his wife, Heidi Alvarez. "Double Eagle Process" was a legal process serving business.

Prior to and as a condition of the proposed sale, defendant, Javier Agusto Alvarez executed a "Non-Disclosure and Confidentiality Agreement" by which he agreed not to disclose or divulge to others, including future employers, any trade secrets, confidential information, or any other proprietary data of "Double Eagle Process Service." Javier Agusto Alvarez and co-defendant Heidi Erica Alvarez were allowed to be at the premises in order to see how the business operated on a day to day basis. The Agreement was signed by defendant Javier Agusto Alvarez on November 17, 2009. Javier Agusto Alvarez had previously been a process server for Donald Thorn working as an independent contractor.

During the negotiations for the purchase of "Double Eagle Process," the Alvarez defendants working in tandem:

1.  Misappropriated Double Eagle Process' client list, a trade secret under California Law and designated as such in the "Non-Disclosure and Confidentiality Agreement" of December 17, 2009. (Civil Code § 3426 et seq.) By being allowed into the business in the fall of 2009, the Alvarez defendants had access to plaintiff's client lists, client addresses, client

telephone numbers and the telephone number code of Double Eagle Process with Vonage.

2. Sent Christmas cards in December 2009 to Double Eagle Process' clients announcing their purchase of the business when this did not occur. This was confirmed in Javier Agusto Alvarez's May 4, 2011 deposition testimony in the State Court action.

3. Contacted the telephone service provider for Double Eagle Process and had the telephone number and access codes changed to their control.

4. Filed a change of address with the United States Postal Service for the business, changing the address to that of their own business without Donald Thorn's permission.

5. Filed a fictitious business name statement on <u>December 23, 2009</u> listing themselves as the owners of the business known as "Double Eagle Legal Services" which is <u>confusingly similar</u> to "Double Eagle Process."

6. Posted information on the website for their business, Alvarez Legal Assistance LLC (http://www.uvbeenserved.com) which indicated they had expanded their business by purchasing Double Eagle Process.

Plaintiff did not learn of the Alvarez defendants' misappropriation of his client list and proprietary business information until a client received a Christmas card and contacted him to inquire about the represented sale of Double Eagle Process.

The parties never agreed to a purchase/sale price of Double Eagle Process. The Alvarez defendants' last offer was $28,000 and Donald Thorn's last offer was $36,000. Evidence will demonstrate that the Alvarez defendants never intended to buy "Double Eagle Process." Rather they led Donald Thorn to believe they would purchase his business, gained his trust, obtained access to his business records, propriety information as well as trade secrets and took such without paying. This irreparably damaged Donald Thorn's business and his livelihood. Donald

Thorn lost all of his pre-existing clients because they did not wish to be involved in a business dispute in the Sonoma County Superior Court and resulted in actual compensable damages.

### III.
### STATEMENT OF THE PROCEEDINGS

On February 19, 2010, plaintiff filed a Complaint against defendants, Javier Agusto Alvarez, Heidi Alvarez and Does 1 through 10, alleging the following causes of action:

1. Breach of Contract (first cause of action).

2. Conversion/Interference with Chattels (second cause of action)

3. Negligence (third cause of action).

4. Common Counts (fourth cause of action).

5. Injunctive Relief (fifth cause of action)

The matter was tried in the Sonoma County Superior Court resulting in a $69,442.94 Amended Judgment against defendants herein; $30,000 of this amount was for attorney's fees under Civil Code § 3426.4. This Adversary Complaint was filed on August 5, 2013.

### IV.
### PLAINTIFF'S CONTENTIONS

Plaintiff contends that the defendants' actions in violating the confidentiality and non-disclosure agreement making an improper use of his business client list and converting his business address and telephone to their use, constitute a misappropriation of a trade secret and conversion of his business, compensable in damages under California Civil Code § 3426 et seq.

Plaintiff further contends that as a result of defendants' actions, his business has been irreparably damaged and that he has suffered the entire loss of his business then valued at $36,000 effective January 1, 2010.

///

# V.
# APPLICABLE LAW

A.  Conspiracy/Joint Tort Feasors

As long as two or more persons agree to perform a wrongful act, the law places civil liability for the resulting damages on all of them, regardless of whether they actually commit the tort themselves. (Wyatt v. Union Mortgage Co. (1979) 24 Cal. 3d 773, 784; Applied Equipment Corp. v. Litton Arabia Ltd. (1994) 7 Cal. 4th 503)

The evidence at trial will demonstrate that Javier Agusto Alvarez and Heidi Erica Alvarez were working in concert together to convert Donald Thorn's business property and that they in fact did so.

B.  Service Mark Protection

General provisions governing California trade marks and service marks are found in the the "Model State Trademark Law," California Business & Provisions Code § 14200 et seq.

The service mark of a business represents its goodwill. Service marks are intended to Indicate the origin of services rather than goods.

Liability for trademark or service mark infringement and unfair competition exists under California law when appreciable numbers of reasonable buyers are likely to be confused by the similarity of plaintiff's and defendant's marks. (Business & Professions Code § 14320; Mallard Creek Industries, Inc. v. Morgan (1997) 56 Cal. App. 4th 426)

To qualify as a service mark for registration, the applicant must be rendering a service, the service must be associated with a mark and the service must be performed by the owner of a mark. To state a claim for common law trademark or service mark infringement under California law, a plaintiff need only allege: 1. their prior use of the mark; and 2. their likelihood of the infringing mark being confused with their mark. (Wood v. Apodaca (N.D. Cal. 2005) 375

F. Supp. 2d 942, 947 – 948)

C.  Claims Relating to the Conversion of Plaintiff's Business Assets and Trade Secrets: Client List (Violation of California's Uniform Trade Secrets Act - California Civil Code § 3426, et seq.

A violation of the UTSA occurs when an individual misappropriates <u>a former employer's protected trade secret client list</u>, for example, by <u>using the list to solicit clients or to otherwise attain an unfair competitive advantage</u>. (<u>Reeves v. Hanlon</u> (2004) 33 Cal. 4th 1140, 1155) (**Emphasis added**)

Civil Code § 3426.1 defines the elements of a cause of action under CUTSA, provides, in pertinent part:

(a) **"Improper** means" includes theft, bribery, misrepresentation, breach or inducement of a **breach of a duty to maintain secrecy**, or espionage through electronic or other means. Reverse engineering or independent derivation alone shall not be considered improper means.

(b) **"Misappropriation"** means:
(1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
(2) **Disclosure or use of a trade secret of another without express or implied consent by a person who:**
(A) Used improper means to acquire knowledge of the trade secret; or
(B) **At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was**:
(i) Derived from or through a person who had utilized improper means to acquire it;
(ii) Acquired under circumstances giving rise to a **duty to maintain its secrecy or limit its use.** (**Emphasis added**)

By making use of plaintiff's proprietary client list to solicit customers for their own business after having executed a confidentiality agreement, defendants improperly (in breach of a duty to maintain secrecy) misappropriated (used a trade secret without express consent when they were under a duty to maintain its secrecy and limit its use) plaintiff's trade secret.

A violation of CUTSA is compensable in damages both for the actual loss suffered as well as any unjust enrichment to the violator. If the misappropriation is found to be willful and malicious, the court may also award exemplary damages in an amount up to twice the actual

damages (Civil Code § 2346.3). If neither damages nor unjust enrichment can be proved, the court may still order the payment to the victim of the misappropriation of a reasonable royalty for a period of time equal in length to the time the use of the misappropriated trade secret could have been enjoined (Civil Code §3426.3(b)).

D. Claims Relating to Plaintiff's Business Phone Number and Mailing Address Converted by Defendants

As to defendants' misappropriation of plaintiff's business phone and mailing address, defendants are guilty of conversion of, or interference with plaintiff's business property.

Although the telephone number and the mailing address of plaintiff's business were not tangible property, they are valuable assets of the business and are "property" with respect to the application of laws protecting property rights in addition to Donald Thorn's client list.

Personal property may be incorporeal, i.e., without tangible substance, and it may be intangible in the sense that it is a right rather than a physical object. (In re Marriage of McTiernan and Dubrow (2005) 133 Cal. App. 4th 1090, 1100)

By taking control and possession of plaintiff's business telephone number, client list and mailing these clients Christmas Cards with a notice that Donald Thorn had sold Double Eagle Process and causing plaintiff's mailing address to be replaced with that of their own business, without any authority to do so, thus diverting plaintiff's client calls and mail to themselves, defendants improperly assumed control over plaintiff's vital and valuable business property to his detriment and their own benefit. In so doing, defendants were guilty of conversion or of trespass to (interference with) chattels, or both.

> "Conversion is the wrongful exercise of dominion over the property of another. **The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages.** It is not necessary that there be a manual taking of the property; **it is only

necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." (Emphasis added) (Spates v. Dameron Hosp. Assn. (2003) 114 Cal. App. 4th 208, 221)

The Restatement 2nd Torts, section 217, provides, "**A trespass to a chattel may be committed by intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another.**" The Restatement 2nd Torts, section 221, provides that "**A dispossession may be committed by intentionally ... barring the possessor's access to a chattel.**" (Emphasis added) (Jamgotchian v. Slender (2009)170 Cal. App. 4th 1384, 1401)

The measure of damages for conversion is provided by Civil Code § 3336:

"The detriment caused by the wrongful conversion of personal property is presumed to be:

First – The value of the property at the time of the conversion, with the interest from that time, or, an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted; and

Second – A fair compensation for the time and money properly expended in pursuit of the property."

Trespass to chattels applies to less serious instances of conversion of personal property. The distinction is for the court to make. Trespass to chattels is compensable to the amount of the actual damage incurred by the trespass. (Jamgotchian v. Slender (2009) 170 Cal. App. 4th 1384)

E. Damages

Donald Thorn's damages are as follows:

1. Loss of his business known as "Double Eagle Process" valued at $36,000 as of January 1, 2010. The evidence will demonstrate that Javier Agusto Alvarez valued Double Eagle Process at $28,000 in the fall of 2009.

2. Prejudgment interest on the $36,000 at 10% per annum from January 1, 2010 through the date of trial.

///

3. Reasonable attorney's fees per Civil Code § 3426.4 and costs of suit.

## VI.
## TRIAL WITNESSES

Plaintiff currently intends to call the following witnesses at trial:

1. Javier Agusto Alvarez

2. Heidi Alvarez

3. Donald Thorn

4. Jolene Lundquist

## VII.
## TRIAL EXHIBITS

Plaintiff intends to introduce the following exhibits at trial in support of his case:

1. Exhibit "1": July 17, 2003 filed Fictitious Business Name Statement of Double Eagle Process, et al. by Donald Thorn.

2. Exhibit "2": July 29, 2009 email from Javier Agusto Alvarez to Donald Thorn admitting that he is an independent contractor plus check stubs for contractor's commissions.

3. Exhibit "3": September 22, 2009 email from Javier Alvarez to Donald Thorn regarding his proposal to purchase Double Eagle Process from Donald Thorn.

4. Exhibit "4": September 23, 2009 email from Donald Thorn to Javier Agusto Alvarez requesting that he write up the proposed offer for Golden Eagle Process.

5. Exhibit "5": October 9, 2009 email from Javier Alvarez to Donald Thorn with his proposal to purchase Double Eagle Process from Donald Thorn.

6. Exhibit "6": October 21, 2009 email from Javier Alvarez to Donald Thorn regarding Javier Alvarez's desire to purchase Double Eagle Process from Donald Thorn.

7. Exhibit "7": November 17, 2009 "Employee Non-Disclosure and

Confidentiality Agreement" executed by defendant Javier Agusto Alvarez regarding Double Eagle Process.

8. <u>Exhibit "8"</u>: December 21, 2009 Customer and Job List of Double Eagle.

9. <u>Exhibit "9"</u>: December 23, 2009 filed Fictitious Business Name of "Double Eagle Legal Services" where its registered owners are Javier Alvarez and Heidi Alvarez and is signed by Heidi Alvarez.

10. <u>Exhibit "10"</u>: December 24, 2009 unsigned proposed agreement to sell the business by Donald Thorn for $36,000 to Javier Agusto Alvarez.

11. <u>Exhibit "11"</u>: December 24, 2009 $500.00 check number 1695 to Don Thorn as first installment by Heidi Alvarez but not negotiated or deposited by Donald Thorn.

12. <u>Exhibit "12"</u>: Miscellaneous December 28, 2009 emails from Vonage to Donald Thorn at different times of the day advising him that his business telephone account had been changed for Double Eagle Process.

13. <u>Exhibit "13"</u>: December 28, 2009 email from Javier Alvarez to Donald Thorn with letter from Javier Alvarez to Donald Thorn to purchase Double Eagle Process for $28,000.

14. <u>Exhibit "14"</u>: December 28, 2009 email from Donald Thorn to Javier Agusto Alvarez regarding the use of his business name Double Eagle Process.

15. <u>Exhibit "15"</u>: December 29, 2009 email from Donald Thorn to Javier Agusto Alvarez regarding rights to use Double Eagle Process.

16. <u>Exhibit "16"</u>: December 31, 2009 email to Don Thorn from Jolene Lundquist.

17. <u>Exhibit "17"</u>: December 31, 2009 email to Double Eagle Process' clients from Erika Spencer.

18. <u>Exhibit "18"</u>: January 8, 2010 email from Vonage to Donald Thorn advising that

Mrs. Alvarez changed Double Eagle's Vonage account.

19. <u>Exhibit "19"</u>: January 9, 2010 letter to Double Eagle from the United States Post Office regarding change of address order.

## VIII.
## CONCLUSION

The evidence at trial will demonstrate the following:

1. That the Alvarez defendants worked in tandem as part of a conspiracy to convert Donald Thorn's business without paying him anything for it commencing September 22, 2001. (Plaintiff's Exhibit "3")

2. Having previously retained Javier Agusto Alvarez as an independent contractor for legal process, Donald Thorn knew and trusted him.

3. The Alvarez defendants obtained physical access to "Double Eagle Process" and obtained codes for the company's telephone number, its client list with names, addresses and telephone numbers, under the representation that they were bonafide buyers.

4. The Alvarez defendants never signed any purchase agreement for Double Eagle Process.

5. The Alvarez defendants filed a fictitious business name "Double Eagle Legal Services" on December 23, 2009 with the Sonoma County Clerk's office and signed by Heidi Erica Alvarez as one of its owners without first telling Donald Thorn. The name is confusingly similar to "Double Eagle Process."

6. Prior to December 23, 2009 and without first advising Donald Thorn, the Alvarez defendants sent his clients Christmas Cards advising the clients that Donald Thorn had sold his business "Double Eagle Process" to them when such was not true.

7. The Alvarez defendants sent Donald Thorn a $500 check on December 24, 2009

as the 1st installment on the purchase of "Double Eagle Process," then stopped payment on it and made no further payments to him.

       8.     The Alvarez defendants changed the Vonage telephone account and mailing address of "Double Eagle Process" without first advising Donald Thorn of this.

The evidence demonstrates a willful and malicious conversion by the Javier Agusto Alvarez and Heidi Erica Alvarez, jointly and severally, of Donald Thorn's business and its assets, an intentional tort and the conversion of his client lists (a trade secret under California Civil Code § 3426 et seq.) warranting the award of $36,000 in damages being the value of Double Eagle Process as of January 1, 2010; prejudgment interest at 10% per annum under California Civil Code § 3287 et seq. on this $36,000 from January 1, 2010; costs of suit and reasonable attorney's fees per Civil Code § 3426.4 with a finding that this judgment is not dischargeable under 11 U.S.C. § 523(a)(11) as requested in the Adversary Complaint.

Date: September 12, 2014          SUNDERLAND | McCUTCHAN, LLP

                                                Edward McCutchan
                                                Attorneys for Plaintiff,
                                                DONALD THORN

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SONOMA

I am employed in the County of Sonoma, State of California. I am over the age of 18 and not a party to the within action; my present address is: 412 Aviation Boulevard, Suite D, Santa Rosa, California 95403.

On September 12, 2014, I served the foregoing document described as **PLAINTIFF DONALD THORN'S TRIAL BRIEF** on the parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

\_\_\_ By Regular U.S. Mail. The documents were placed for collection and mailing following ordinary business practice for deposit in the United States Postal Service in a sealed envelope with postage thereon fully prepaid, addressed as stated above.

\_\_\_ By personal service. I caused each such envelope to be delivered by hand to the addressee(s) as stated above.

\_\_\_ By facsimile transmitted from (707) 284-5527. The document transmission was reported as complete and without error.

XX  By email or electronic transmission. I caused the document to be sent to the persons at the email addresses listed below. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 12, 2014, at Santa Rosa, California.

*Kathleen M. Dahl*

<u>In re: Javier Agusto Alvarez, Heidi Erica Alvarez</u>
United States Bankruptcy Court Case No.: 13-10923-AJ-7

Attorney for Debtors: Javier Agusto Alvarez and Heidi Erica Alvarez

Carl E. Combs, Esq.
Law Offices of Carl E. Combs
515 13th Street
Modesto, CA 95354

Tel: (209) 522-5400
Fax: (209) 522-0407

PLAINTIFF DONALD THORN'S TRIAL BRIEF
14